**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

       Plaintiff,

v.

Ikram Yusuf Mohamed *et al.*,

       Defendants.

Case No. 24-cr-15 (NEB/TNL)

**PROTECTIVE ORDER**
**GOVERNING DISCOVERY**

---

This matter comes before the Court on the Government's Motion for Protective Order Governing Discovery, ECF No. 74.  The Government states that the disclosures required by Rule 16 of the Federal Rules of Criminal Procedure in this case include highly sensitive information, including tax records, bank and credit card records, and other documents and records containing personal financial information and personal identifiable information of parties and non-parties, including children.  The Government further states that "[w]hile [it] intends to redact a small subset of sensitive information from the discovery, the redaction of all personal and sensitive information from the discovery would be impractical and unduly burdensome . . . ."  ECF No. 74 at 3.  Moreover, "[w]hile the [G]overnment is prepared to make discovery available to defense counsel for inspection at its offices, which would satisfy its disclosure obligations under the rules, this would be less useful to the defense and impractical for both parties."  ECF No. 74 at 3.  The Government requests a protective order requiring that certain information be deemed "Protected

Material" and such Protected Material be held in confidence by Defendants and their counsel and used "solely for purposes of this litigation."  ECF No. 74 at 4.

The Court directed that any response to the Government's motion be filed on or before March 21, 2024.  ECF No. 76.  No responses were filed.

Under Rule 16(d) of the Federal Rules of Criminal Procedure, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).  The Court finds there has been good cause shown as to why the dissemination of certain highly sensitive information should be limited.

Based on the foregoing, and all of the files, records, and proceedings herein, and pursuant to Fed. R. Crim. P. 16(d), **IT IS HEREBY ORDERED** that the Government's Motion for Protective Order Governing Discovery, ECF No. 74, is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.  "Protected Material" as defined below shall be held in strict confidentiality and used only in connection with the defense of the charges in this case, and for no other purpose.

**IT IS FURTHER ORDERED:**

1.      "Protected Material" includes all information produced by the Government in this case and all information produced by the Defendants in this case, except matters of public record, the Defendants' own statements, criminal history information, and expert reports.

2.      Protected Material shall be held in strict confidentiality by Defendants, defense counsel, and the Government and may be used solely for purposes of this litigation in *United States v. Ikram Yusuf Mohamed et al.*, No. 24-cr-15 (NEB/TNL).

3.      Defense counsel and counsel for the Government shall limit the making of copies of the Protected Material to those necessary to their activities as counsel to a party in this action.

4.      All individuals having access to Protected Materials, including the Defendants, any expert witnesses retained by the Defendants, and any expert witness or agent of the Government, shall be informed of the terms of the Protective Order prior to disclosure.

5.      Use of the Protected Material covered by this Protective Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the violating party and the party's counsel to sanctions.

6.      Any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures.

7.      Any documents or other materials containing Protected Material, and all copies of them, must be destroyed or returned to the party that provided them within 60 days of the conclusion of this litigation, including appeals.

8.      Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

9.    All prior consistent orders relating to the Indictment remain in full force and effect.

10.    Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Dated: March____28____, 2024                          _____*s/ Tony N. Leung*_____
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota


                                                      *United States v. Mohamed et al.*
                                                      Case No. 24-cr-15 (NEB/TNL)