UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 24-cr-15 (NEB/TNL) |
| Plaintiff, | |
| v. | **AMENDED CASE MANAGEMENT ORDER** |
| Ikram Yusuf Mohamed (1), Suleman Yusuf Mohamed (2), Aisha Hassan Hussein (3), Sahra Sharif Osman (4), Shakur Abdinur Abdisalam (5), Gandi Abdi Kediye (7), | |
| Defendants. | |

---

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

This matter comes before the Court on Defendant Ikram Yusuf Mohamed's Motion to Extend Time for Pretrial Motions, ECF No. 84. This matter was previously designated complex under 18 U.S.C. § 3161(h)(7)(B)(ii). *See generally* ECF No. 52.

Ikram Yusuf Mohamed moves for an extension of the June 14, 2024 motions-filing deadline. *See* ECF No. 78 at 5. Ikram Yusuf Mohamed states that, although "voluminous discovery" has been provided, "that discovery is identical to the discovery provided to the defendants in other Feeding Our Future indictments" and "discovery pertaining to the specific allegations against the defendants named in this [I]ndictment" has not yet been

1

received. ECF No. 84 at 1. Ikram Yusuf Mohamed also notes that a co-defendant is anticipated to be making an initial appearance in this matter. *See* ECF No. 84 at 1; *see also generally* ECF Nos. 81 and 82 (motion to quash arrest warrant and order granting motion). Ikram Yusuf Mohamed moves for an extension of the motions-filing deadline to "three months from the date discovery is provided to counsel for [the co-defendant]." ECF No. 84 at 2. All Defendants that have appeared in this matter "are in agreement with" her request. ECF No. 84 at 2.

Ikram Yusuf Mohamed "has not received a response from counsel for the [G]overnment." ECF No. 84 at 2. In the Court's Case Management Order, the Court stated that "any response to . . . a [party's] request [to modify the schedule] shall be filed within three days." ECF No. 78 at 7. Ikram Yusuf Mohamed's motion was filed on June 5, 2024. No response has been filed by the Government.

In the Case Management Order, this Court previously ordered:

> **On or before March 15, 2024**, the Government shall begin to make all disclosures required by Federal Rule of Criminal Procedure 16(a) to be completed no later than **April 19, 2024**. *See* D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by **April 19, 2024**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

ECF No. 78 at 4. Based on the record before the Court, the Government has "not yet . . . [produced] discovery pertaining to the specific allegations against the defendants named in this [I]ndictment." ECF No. 84 at 1. The Government is reminded of its obligation to disclose to Defendants all exculpatory evidence—that is evidence that favors the defendant

2

or casts doubt on the Government's case—as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. *See also* ECF No. 78 at 4. **The Government is additionally reminded that failure to do so in a timely manner may result in consequences, including but not limited to exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.** *See also* ECF No. 78 at 4, 7.

Bearing in mind the complexity of this case, the voluminous discovery, and the absence of any objection to the requested continuance, the Court finds pursuant to 18 U.S.C. § 3161(h) that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and a continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. As for the amount of the continuance, the Court finds that an extension of the motions-filing deadline up to and including October 4, 2024, to be appropriate under the circumstances given that it is not currently known when the co-defendant will be making her initial appearance.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Ikram Yusuf Mohamed's Motion to Extend Time for Pretrial Motions, ECF No. 84, is **GRANTED IN PART** and **DENIED IN PART**.

2. The Court has issued an Order on Pretrial Disclosure & Preservation, which "proactively addresses certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant

under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities." ECF No. 77 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 77 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such matters without the need for each defendant to file multiple motions on these subjects." ECF No. 77 at 3-4. **Before filing any pretrial motions, a party shall consult the Order on Pretrial Disclosure & Preservation.**

3. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **October 4, 2024**.[1] *See* D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[2]

4. **Counsel must electronically file a letter on or before October 4, 2024, if no motions will be filed and there is no need for a hearing**.

5. All responses to motions must be filed by **November 1, 2024**. *See* D. Minn. LR 12.1(c)(2).

6. Any Notice of Intent to Call Witnesses must be filed by **November 1, 2024**. *See* D. Minn. LR. 12.1(c)(3)(A).

---

[1] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[2] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

7. Any Responsive Notice of Intent to Call Witnesses must be filed by **November 8, 2024**. *See* D. Minn. LR 12.1(c)(3)(B).

8. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by either party in its motion, objection or response pleadings.

9. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **November 15, 2024, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. *See* D. Minn. LR 12.1(d).

10. **TRIAL:**

   a. **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

   All voir dire questions, **motions for counsel to participate in voir dire**, and jury instructions must be submitted to District Judge Nancy E. Brasel on or before **November 25, 2024**.

   This case must commence trial on **December 9, 2024, at 9:00 a.m.** before District Judge Nancy E. Brasel in Courtroom 13W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

**b.     IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

11.    The period of time from **the date of this Order through October 4, 2024**, shall be excluded from Speedy Trial Act computations in this case.  *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

12.    **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

13.    All prior consistent orders relating to the Indictment remain in full force and effect.

14.    Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: June    14    , 2024            *s/ Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota

                                      *United States v. Mohamed et al.*
                                      Case No. 24-cr-15 (NEB/TNL)